UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-94-RJC

| | |
|---|---|
| ZONTA TAVARAS ELLISON, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial review by the Court of Petitioner's habeas petition, filed pursuant to 28 U.S.C. § 2254. (Doc. No. 1).

**I.   BACKGROUND**

Petitioner filed this action on a form used for petitions filed under 28 U.S.C. § 2254. Petitioner named as Respondent "United States." Petitioner is an inmate in the Mecklenburg County Jail. Petitioner states in the petition that he is challenging a conviction entered in Mecklenburg County Superior Court on June 11, 2010, for selling cocaine and possession of cocaine.

**II.   STANDARD OF REVIEW**

Rule 4 directs habeas courts promptly to examine habeas petitions. Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. When it plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. Id.

**III.   DISCUSSION**

Here, Petitioner states that he is challenging a state court conviction, dated June 11, 2010,

in which he submitted an Alford plea to selling cocaine and possession of cocaine. Petitioner asserts that he was sentenced to 44 months. In Ground One of the petition, Petitioner brings a claim of "deliberate judicial misconduct" and "ineffective assistance of counsel," arguing that his guilty plea was coerced. (Doc. No. 1 at 5). In Ground Two, Petitioner brings a Sixth Amendment claim, alleging "deliberate prosecutorial misconduct, denial of speedy and public trial," arguing that his right to a speedy trial was violated and that he was "forced to plead guilty under oppressive pretrial incarceration to crimes I did not commit." (Id. at 7). In Ground Three, Petitioner contends that his Eighth Amendment rights were violated, that he is being falsely imprisoned, and that police officers falsely accused Petitioner of hiding drugs in the back seat of a police vehicle. (Id. at 8). In Ground Four, Petitioner contends that his Fourteenth Amendment rights were violated and that he was subjected to "vindictive prosecution" and "entrapment." (Id. at 10).

Petitioner also states in the petition that his 2010 state court conviction is being used to enhance, under 21 U.S.C. § 851, his pending federal sentence in this Court. (Id. at 2). This Court's records show that Petitioner is awaiting sentencing in this Court in Criminal Case Number 3:11-cr-404-FDW-DSC-1, after being convicted by a jury on January 10, 2013, of three counts of possessing with intent to distribute a detectable amount of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). (Crim. No. 3:11-cr-404, Doc. No. 1: Indictment; Doc. No. 31: Jury Verdict).

The Court will dismiss without prejudice the habeas petition. First, Petitioner has named the wrong Respondent. The United States is not the proper Respondent in a Section 2254 action challenging a state court sentence. The Court further notes that Petitioner's criminal records accessed on Westlaw show that he pled guilty in state court on June 11, 2010, to selling cocaine,

2

and he was sentenced to 15 to 18 months' imprisonment. Therefore, it does not appear that Petitioner is in custody for the state court conviction he is currently challenging. Petitioner appears to be challenging the 2010 state court conviction, for which he is no longer in custody, on the sole basis that it may be used to enhance his pending federal sentence. The Court does not have jurisdiction to address a challenge to a state court conviction for which Petitioner is no longer in custody, even though it may be used to enhance his pending federal sentence. See Maleng v. Cook, 490 U.S. 488, 490-91, 494 (1989) (per curiam) (holding that a habeas petitioner must be "'in custody' under the conviction or sentence under attack at the time his petition is filed" and that the failure to establish the "in custody" requirement deprives a federal habeas court of subject matter jurisdiction). Therefore, the Court will dismiss this habeas petition without prejudice to Petitioner to re-file a habeas petition referencing court documents showing that he is in custody for the conviction he challenges here.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that:

(1) The habeas petition, (Doc. No. 1), is **DISMISSED** without prejudice.

(2) The Clerk of Court is instructed to serve a copy of this Order and the petition on the Attorney General of North Carolina, and note the manner of such service in the record.

.                                             March 22, 2013

Robert J. Conrad, Jr.
Chief United States District Judge